IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EVA M. BIVINS,                          )
                                        )
              Plaintiff,                )
                                        )
     v.                                 )        CASE NO. 2:18-CV-780-WKW
                                        )              [WO]
CARLA COOPER,                           )
                                        )
              Defendant.                )

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Carla Cooper's Renewed Motion *in Limine*.

(Doc. # 90.)  Defendant has moved to exclude twelve categories of evidence from

being presented at trial.  Plaintiff has responded, opposing four of Defendant's

requests.  (Doc. # 97.)  This order addresses those four categories of evidence.

## I.  COLLATERAL SOURCE PAYMENTS

Alabama law permits the admission of "evidence that the plaintiff's medical

or hospital expenses have been or will be paid or reimbursed."  Ala. Code § 12-21-

45.  This court sitting in diversity is obligated to apply section 12-21-45 as

substantive law.  *See Shelley v. White*, 711 F. Supp. 2d 1295, 1298 (M.D. Ala. 2010).

The question is not whether the evidence can be introduced, but rather *how*

the evidence can be introduced.  Defendant argues that Plaintiff "cannot establish

the proper foundation to submit such evidence in this matter as it is inadmissible

hearsay" and that Plaintiff "cannot authenticate any document purporting to reflect collateral source payments as required by Federal Rule of Evidence 901." (Doc. 90 at 1–2.) Plaintiff contends that her evidence is authorized by Rule 803(6) and Rule 902(11) of the Federal Rules of Evidence.

As an initial matter, is should be noted that the federal rules govern all procedural matters. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 416 (2010). The law governing the admissibility of evidence, including the law of hearsay, is generally a procedural matter. *Dallas Cty. v. Com. Union Assur. Co.*, 286 F.2d 388, 392 (5th Cir. 1961).[1] Plaintiff's evidence does not violate the rule against hearsay if it complies with the requirements of Rules 801 through 807 of the Federal Rules of Evidence. Plaintiff's evidence is sufficiently authenticated if it complies with Rules 901 through 903 of the Federal Rules of Evidence.

As relevant here, Rule 803(6) exempts "records of a regularly conducted activity" from the rule against hearsay, regardless of the availability of the declarant. The rule covers:

> A record of an act, event, condition, opinion, or diagnosis if:
> (A)   the record was made at or near the time by—or from information transmitted by — someone with knowledge;

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(B)  the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C)  making the record was a regular practice of that activity;

(D)  all these conditions are shown by the testimony of the custodian or another qualified witness, or by certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E)  the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Rule 902(11) similarly allows the self-authentication of certified domestic records of a regularly conducted activity, providing that such documents "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. The rule covers:

> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).

Plaintiff has submitted the insurance records that she wishes to admit (Doc. # 97-1 at 4–5), as well as a notarized affidavit from a record custodian attesting to the authenticity of the records (Doc. # 97-1 at 2–3). Plaintiff's proffered evidence appears to comport with the requirements of Rule 803(6) and Rule 902(11). It is therefore improper to exclude this evidence *in limine*, and this aspect of Defendant's

motion is due to be denied.  Defendant may renew her motion at a later time, including at trial, provided she specifically identifies the admissibility requirement that Plaintiff fails to meet.

## II.  FUTURE PAIN AND SUFFERING, PERMANENT INJURY, AND LOSS OF EARNING CAPACITY

Defendant argues that Plaintiff should not be permitted to testify regarding the future effects of her physical injuries.  This includes future pain and suffering, future loss of earning capacity, and future existence of the injury itself.  Defendant essentially argues that Alabama law precludes any person other than a medical doctor from testifying on the future effects of an injury.

Plaintiff responds only by citing a secondary source that generally states that a plaintiff may testify regarding her "mental or physical condition prior to, and subsequent to, the alleged infliction of the injury . . . as tending to show the cause and extent of the plaintiff's injuries."  (Doc. # 97 at 4–6.)  Plaintiff concedes that Alabama law applies here.

Plaintiff's response misses the point.  Defendant's motion does not attempt to exclude Plaintiff's testimony regarding her *current* injuries.  The motion attempts to exclude any *speculative* testimony regarding *future* injuries, specifically injuries that might occur after trial.  The motion to exclude Plaintiff's own speculation or the speculation of any lay witness is due to be granted.  That being said, the court will not accept at face value Defendant's assertion that "Plaintiff will not offer evidence

4

from a qualified medical expert" on these topics.  (Doc. # 90 at 9–12.)  Plaintiff lists several medical professionals on her witness list who might opine on the topic.  To the extent that Plaintiff may seek to admit the testimony of a medical expert on these topics consistent with the Federal Rules of Evidence, the rules and rulings of this court, and applicable substantive state law, it is improper to foreclose that option *in limine*.

## III. CONCLUSION

For the reasons stated above, and with no objection to the remaining portions of Defendant's motion *in limine*, it is therefore ORDERED that Defendant's motion *in limine* (Doc. # 90) is GRANTED IN PART and DENIED IN PART.  At trial:

1.      Plaintiff may not refer to or introduce evidence of medical treatment to prove damages without supporting testimony from a medical professional qualified to testify as an expert witness that such treatment was medically necessary and related to injuries sustained in the complained-of accident;

2.      Plaintiff may not refer to or introduce evidence of medical bills or expenses to prove damages without supporting testimony from a medical professional qualified to testify as an expert witness that such bills or expenses were medically necessary and related to injuries sustained in the complained-of accident;

3.      No party may refer to or introduce the accident report prepared in response to the accident at issue;

4.     No party may refer to or introduce evidence of liability insurance coverage, or lack thereof, for the accident at issue;

5.     No party may refer to or introduce evidence of an offer of compromise or settlement;

6.     No party may refer to or introduce evidence of the financial state of the parties;

7.     No party may refer to or introduce lay witness opinion testimony except as permitted by the Federal Rules of Evidence;

8.     No party may refer to or introduce evidence of the conduct of either party or their attorneys related to the prosecution or defense of this case, including the pleadings, motions, responses, replies, or any communication between the parties made as part of the discovery process; and

9.     Plaintiff may not refer to or introduce evidence of the post-trial effects of her injuries, such as future pain and suffering, future loss of earning capacity, or the permanence of her injuries, except as properly supported by testimony from a medical professional qualified to testify as an expert witness.

DONE this 10th day of November, 2021.

_____ /s/ W. Keith Watkins _____
UNITED STATES DISTRICT JUDGE